DIXON, Justice.
This suit arises under a policy of insurance written by defendants on the life of “Copy Cajon,” a quarter horse owned by plaintiff and used for show purposes. Judgment for plaintiff in the district court was reversed by the Court of Appeal, 331 So.2d 851 (La.App. 1st Cir. 1976), and we granted writs to examine the application of the policy exclusion against intentional slaughter.
In May of 1974 “Copy Cajon” was ill; upon an acute episode in August of 1974 the illness was diagnosed as equine infectious anemia (swamp fever). It survived the acute episode, but, since the disease is admittedly incurable, it remained a carrier of the disease, which is transmitted from the blood of one animal to that of another.
The policy exclusion involved provides:
“1. This Insurance does not cover intentional slaughter, whether by or under the order of any government or public or local authority or any person or body having jurisdiction in the manner, (sic) or otherwise; except that the Underwriters will not invoke this particular exclusion as a defence.
*995 “(a) where the Underwriters shall have expressly agreed to the destruction of the animal, or,
“(b) where an insured animal suffers an injury or is afflicted with an excessively painful disease and a qualified Veterinary Surgeon appointed by the Underwriters shall first have given a certificate that the suffering of that animal is incurable and so excessive that immediate destruction is imperative for humane reasons, or,
The record in this case is brief. Two veterinarians, plaintiff and a horse trainer testified for the claimant; one veterinarian testified for the insurer. There is no dispute as to the nature of the malady — a viral disease transmitted by insects, with an onset that is rapid and which may be fatal, or may be followed by an anemic condition of varying severity which might leave the horse either debilitated or with a normal appearance. Except for a blood test that was positive for swamp fever, “Copy Ca-jon” appeared healthy at a veterinary examination nine months after the diagnosis of the disease and was about a hundred pounds overweight, in no apparent pain.
Both plaintiff’s experts were of the opinion that the horse should have been destroyed for “humane reasons” and to protect other animals from the spread of the disease. Neither, however, testified to a painful episode except one in August of 1974, when the horse was very sick and feverish. They were of the opinion that horses with swamp fever “suffer a little every day,” and that the pain would be “more like an abscess toothache its got to live with every day.” No one testified that “Copy Cajon” manifested such pain.
Plaintiff argues that the exclusionary clause is ambiguous and, therefore, must be construed against the insurer. The policy excludes intentional slaughter of an animal, except when it “is afflicted with an excessively painful disease . . . ” and the suffering is incurable “and so excessive that immediate destruction is imperative for humane reasons . . . ” This exception to the exclusionary clause is clear and unambiguous. The policy insures against death of the animal, but not against intentional slaughter, unless the animal suffers from excessive pain which is incurable and “so excessive that immediate destruction is imperative . . . ” The record is devoid of evidence that “Copy Cajon” suffered such pain.
Infectious diseases are mentioned in another clause in the policy. “Livestock Clause No. 1” is a part of coverage of animals in transit. That clause lists several risks which are excluded, including “. slaughter by authorities through infectious diseases are absolutely excluded.” It is clear that the insurers, from the terms of the policy, intended to exclude from coverage intentional destruction of diseased animals unless in such pain that immediate destruction is imperative.
The policy also provides that the insurer, upon receiving notification that the animal was afflicted with an excessively painful disease, could send a veterinarian to examine the animal. Plaintiff contends that the insurer’s failure to “investigate” the horse’s illness in this case creates liability even though coverage is not provided for intentional slaughter in this instance. The insurer knew the horse had swamp fever and further investigation was unnecessary. This argument lacks merit.
The policy is clear and unambiguous; intentional slaughter is not covered in this case. Plaintiff has not referred this court to any authority to alter this conclusion.
For the foregoing reasons, the Court of Appeal judgment is affirmed, and the costs of this appeal are to be borne by plaintiff.